UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
BLUE CASTLE (CAYMAN) LTD,

                      Plaintiff,

    -against-

GABRIEL JARBATH and MICHAELLE PIERRE,

                      Defendants.
------------------------------------------------------------------x

**REPORT AND RECOMMENDATION**
23-cv-3535 (OEM)(SIL)

**STEVEN I. LOCKE, United States Magistrate Judge:**

      Presently before the Court in this diversity-real estate foreclosure action, on referral from the Honorable Orelia E. Merchant for Report and Recommendation, is Plaintiff's Blue Castle (Cayman) LTD ("Plaintiff" or "Blue Castle") motion for default judgment pursuant to Rule 55 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), and a judgment of foreclosure and sale pursuant to Section 1391, *et seq.*, of the New York Real Property Actions and Proceedings Law ("RPAPL"). *See* Plaintiff's Motion for Default Judgment and Judgment of Foreclosure and Sale ("Plaintiff's Motion" or "Pl. Mot."), Docket Entry ("DE") [11].

      By way of Complaint dated May 10, 2023, Plaintiff commenced this action against Defendants Gabriel Jarbath ("Jarbath") and Michaelle Pierre ("Pierre," together, "Defendants") alleging that Defendants failed to repay a loan secured by the property at issue, 986 Fenworth Boulevard, Franklin Square, NY 11010 ("the Property"), and seeking to foreclose on the mortgage secured by the Property. *See* Complaint ("Compl."), DE [1]. For the reasons set forth herein, the Court respectfully

recommends that Plaintiff's Motion be granted in part and denied in part and that Blue Castle be awarded the relief described below.

## I. BACKGROUND

### A. Facts

All relevant facts are taken from the Complaint, pleadings, affidavits, and exhibits. Plaintiff Blue Castle is a Cayman Islands corporation with its principal place of business in Miami Beach, Florida. *See* Compl. ¶ 2. Defendants Jarbath and Pierre are New York residents. *Id.* at ¶¶ 3-4.

On or about November 11, 2004, Defendants obtained a mortgage loan from GreenPoint Mortgage Funding, Inc. ("GreenPoint") in the original amount of $230,000, memorialized in a note (the "Note") and secured by a mortgage (the "Mortgage") on the Property on the same date. *Id.* at ¶¶ 8-9. Both were properly recorded with the Nassau County Clerk's Office on February 25, 2005. *Id.* Pursuant to the Note, Defendants promised to pay the sum of $230,000 plus interest. *Id.* at ¶ 9; *see* Ex. C to Compl. (Note) at 1. The Mortgage was assigned multiple times as follows:

- From GreenPoint to Federal National Mortgage Association ("FNMA") on March 20, 2017;

- From FNMA to Community Loan Fund of New Jersey, Inc. ("Community Loan Fund") on April 12, 2018;

- From Community Loan Fund to NJCC-NYS Community Restoration Fund LLC ("NJCC-NYS") on July 30, 2018;

- From NJCC-NYS to NJCC-NYS CRF REO Subsidiary LLC ("NJCC-NYS Subsidiary") on March 3, 2020;

- From NJCC-NYS Subsidiary to NJCC-NYS Community Restoration Fund LLC ("NJCC-NYS Community Restoration Fund") on March 3, 2020;

- From NJCC-NYS Community Restoration Fund to Gitsit Solutions, LLC ("Gitsit") on August 2, 2022;

- From Gitsit to Clearlake Ventures IV, LLC ("Clearlake") on January 12, 2023; and

- From Clearlake to Plaintiff on March 2, 2023.

*See* Compl. ¶ 10(a)-(h). Each transfer was properly recorded with the Nassau County Clerk's Office. *Id.*

According to Plaintiff, Defendants defaulted on the Note and Mortgage by "failing to pay the February 1, 2017 payment and all subsequent payments, and the default continues to date." *Id.* at ¶ 13. On January 10, 2023, Plaintiff mailed a notice of default and a Consumer Financial Protection Bureau Regulation F validation notice to Defendants at the Property, via first-class mail. *See id.* at ¶ 14. That same day, pursuant to RPAPL § 1304, Blue Castle mailed a pre-foreclosure notice to Defendants and listed more than five housing counseling agencies with that notice. *Id.*; *see* Ex. E to Compl. Plaintiff further electronically filed notice with the Superintendent of Financial Services as required by RPAPL § 1306(2), and confirmation number NYS5823318 was issued. *See* Ex. E to Compl.

The Note provides that Plaintiff may, in the event of a default, require Defendants to pay "immediately the full amount of Principal which has not been paid and all the interest that [Defendants] owe on that amount." Note § 6(C). Moreover, interest accrues on the outstanding principal balance at an annual rate of 6.000%

3

both before and after default. *See id.* at § 2. Defendants are also required to pay a late charge of 2.000% on each overdue payment of principal and interest. *See id.* at § 6(A).

Plaintiff contends that as of July 12, 2023, the outstanding unpaid principal balance under the Note was $180,107.56. *See* Affidavit of Amounts Due and Owing to Plaintiff ("Ramer Aff."), DE [11-6], at ¶ 5. Defendants further owe interest from January 1, 2017 through July 12, 2023, totaling $70,590.24, plus unpaid late charges of $2,122.89. *See id.* at ¶¶ 6, 8. As a result, Blue Castle alleges that Defendants owe a total of $252,820.69 pursuant to the Note. *See id.* at ¶ 8.

### B. Procedural History

Plaintiff commenced this action against Defendants on May 10, 2023. *See* Compl. The Complaint – seeking declaratory, compensatory, punitive, and equitable relief – alleges that Defendants failed to repay the Note secured by the Property and that Blue Castle is entitled to foreclose on the associated mortgage. *See id.* Defendants were served with the Summons and Complaint on June 6, 2023. *See* DEs [7] - [8]. After the deadline for Defendants to answer or otherwise respond had passed, Plaintiff requested that the Court issue a certificate of default against Defendants, which the Clerk of Court did on June 28, 2023. *See* DEs [9] - [10].

On July 20, 2023, Blue Castle filed its motion for default judgment pursuant to Fed. R. Civ. P. 55, and a motion for a judgment of foreclosure and sale pursuant to RPAPL § 1391, *et seq.*, against both Defendants, *see* Pl. Mot., which Judge Merchant referred to this Court the next day for a report and recommendation. *See* July 21,

4

2023 Electronic Order. For the reasons set forth herein, it is respectfully recommended that Plaintiff's Motion be granted in part and denied in part, and that Blue Castle be awarded the relief described below.

## II.     LEGAL STANDARD

Motions for default judgment are governed by Fed. R. Civ. P. 55, which provides for a two-step process. *See* Fed. R. Civ. P. 55; *Priestley v. Headminder, Inc.*, 647 F.3d 497, 504-05 (2d Cir. 2011). Initially, the moving party must obtain a certificate of default from the Clerk of the Court. *See* Fed. R. Civ. P. 55(a). Once the certificate of default is issued, the moving party may apply for entry of a default judgment. *See id.* at 55(b). Where a default occurs, the well-pleaded factual allegations set forth in a complaint relating to liability are deemed true. *Vermont Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 246 (2d Cir. 2004); *see* Fed. R. Civ. P. 8(b)(6) ("An allegation – other than one relating to the amount of damages – is admitted if a responsive pleading is required and the allegation is not denied."). However, the entry of a default judgment is "entrusted to the sound judicial discretion of the court," and a party is not entitled to a default judgment as a matter of right. *Allstate Ins. Co. v. Howell*, No. 09-cv-4660, 2013 WL 5447152, at *1 (E.D.N.Y. Sept. 30, 2013) (citation omitted).

A plaintiff seeking a default judgment must demonstrate that its "uncontroverted allegations, without more, establish the defendant's liability on each asserted cause of action." *Gunawan v. Sake Sushi Rest.*, 897 F. Supp. 2d 76, 83 (E.D.N.Y. 2012). In determining whether to grant a motion for default judgment, the

5

court has the "responsibility to ensure that the factual allegations, accepted as true, provide a proper basis for liability and relief." *Ferrera v. Tire Shop Ctr.*, No. 14-cv-4657, 2015 WL 3562624, at *2 (E.D.N.Y. Apr. 6, 2015), *report and recommendation adopted*, No. 14-cv-4657, 2015 WL 3604078 (E.D.N.Y. Jun. 5, 2015) (internal quotation marks and citation omitted). Accordingly, prior to entering a default judgment, the court must determine whether the plaintiff's allegations establish the defendant's liability "as a matter of law." *Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC*, 779 F.3d 182, 187 (2d Cir. 2015). Once liability has been established, "[t]he court must also determine the amount of damages, actual or statutory, that may be assessed." *Lyons P'ship, L.P. v. D & L Amusement & Entm't, Inc.*, 702 F. Supp. 2d 104, 111 (E.D.N.Y. 2010).

## III.   DISCUSSION

Plaintiff seeks $252,820.69 in damages, representing the total amount due on the Note and Mortgage, including interest and late fees. *See* Proposed Judgment of Foreclosure and Sale ("Proposed Judgment"), DE [11-3], at 1. As to relief, Blue Castle specifically demands that: (a) the interests of Defendants and all those claiming by or through them be foreclosed, and their estate, right, title, interest, claim, lien, or equity of redemption to the Property be forever extinguished; (b) the Property be sold subject to the terms set forth in the Complaint; (c) the proceeds of the sale be deposited with the Court; (d) Plaintiff be paid out of the sale proceeds the amount due on the Note and Mortgage, including principal, interest, and late charges, as well as the expenses of such sale, reasonable attorney's fees, and any sums incurred by Blue

6

Castle pursuant to any term or provision of the Note and Mortgage; (e) the Court appoint a receiver of the rents and profits of the Property during the pendency of this action; (f) a deficiency judgment against Defendants for the amount remaining due after distribution of the sale proceeds, unless the debt was discharged in a bankruptcy or is otherwise uncollectable; and (g) that any other liens Blue Castle possesses against the Property not merge with the Mortgage being foreclosed and that Plaintiff be allowed to share in any surplus proceeds resulting from the sale. Compl. at 6-7.[1] Applying the standards outlined above, and for the reasons set forth below, the Court respectfully recommends that Plaintiff's Motion be granted in part and denied in part.

### A. Default Judgment Against Jarbath and Pierre

#### 1. RPAPL § 1304 Notice

Before considering whether default judgment against Defendants is warranted in this case, the Court must address a threshold issue regarding statutory notice. The Court concludes that the pre-foreclosure notices attached to Plaintiff's Affidavit of Mailing ("Mailing Aff."), DE [1-1] at 55-75, are sufficient to establish compliance with RPAPL § 1304 for purposes of the present default proceeding.

New York RPAPL § 1304 provides that, "with regard to a home loan, at least ninety days before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower . . . such lender, assignee or mortgage loan servicer shall give notice to the borrower." RPAPL § 1304(1). RPAPL § 1304(1) further sets forth

---

[1] Although Plaintiff sought attorney's fees and costs as relief in its Complaint, *see* Compl. at 7, Blue Castle is no longer seeking this relief. *See* Declaration of Alan H. Weinreb in Support of Default Judgment of Foreclosure and Sale, DE [11-1], at ¶ 8 ("Plaintiff does not request to recover attorneys' fees associated with the pursuit of this action.").

7

the requirements for the content of such notice, and RPAPL § 1304(2) provides that such notice shall be sent by "registered or certified mail and also by first-class mail to the last address of the borrower" and the "[n]otice is considered given as of the date it is mailed." *Id.* §§ 1304(1)-(2).

The Second Circuit has recognized that "[p]roper service of RPAPL 1304 notice on the borrower or borrowers is a condition precedent to the commencement of a foreclosure action, and the plaintiff has the burden of establishing satisfaction of this condition." *CIT Bank N.A. v. Schiffman*, 948 F.3d 529, 533 (2d Cir. 2020) (quoting *Deutsche Bank Nat. Tr. Co. v. Spanos*, 102 A.D.3d 909, 910, 961 N.Y.S.2d 200, 202 (2d Dep't 2013)), *certified question accepted*, 34 N.Y.3d 1137, 119 N.Y.S.3d 419 (2020). A plaintiff-lender can demonstrate compliance with RPAPL § 1304 by showing "proof of the actual mailings, such as affidavits of mailing or domestic return receipts with attendant signatures, or proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure." *Id.* (quoting *Citibank, N.A. v. Conti-Scheurer*, 172 A.D.3d 17, 22, 98 N.Y.S.3d 273, 277 (2d Dep't 2019)). Proof of a standard office mailing procedure gives rise to a presumption that a notice was received, although that presumption may be rebutted by "a showing that [the] routine office practice was not followed or was so careless that it would be unreasonable to assume that the notice was mailed." *Id.* (quoting *Nassau Ins. Co. v. Murray*, 46 N.Y.2d 828, 830, 414 N.Y.S.2d 117, 118 (1978)).

8

In answering the questions certified by the *Schiffman* court, the New York Court of Appeals recently held that a mortgagor may only rebut the presumption that RPAPL § 1304 notice was received by furnishing "proof of a material deviation from an aspect of the office procedure that would call into doubt whether the notice was properly mailed, impacting the likelihood of delivery to the intended recipient[,]" such "that the inference that the notice was properly prepared and mailed is significantly undermined. Minor deviations of little consequence are insufficient." *CIT Bank N.A. v. Schiffman*, 36 N.Y.3d 550, 557, 145 N.Y.S.3d 1, 6 (2021).

Applying these standards, the Court determines that Blue Castle has provided documentation of pre-foreclosure notices in its Complaint which conform to the statutory notice format provided under RPAPL § 1304(1). *See* Mailing Aff. at 56-58, 63-68. In addition to the statutory notice, Plaintiff submitted U.S. Postal Service Certified Mail receipts. *See id.* at 59-62, 70-72. The notices of default were addressed to Defendants, and the accompanying mail receipts indicate that the notices were mailed to Defendants' last known address, the Property. *Id.* Defendants have not rebutted the presumption of receipt of the RPAPL § 1304 notice. Accordingly, the Court concludes that Blue Castle has established its compliance with RPAPL § 1304.

2. RPAPL § 1306 Notice

This Court further determines that Plaintiff has demonstrated its compliance with RPAPL § 1306, which requires that a "lender, assignee or mortgage loan servicer . . . file with the superintendent of financial services . . . within three days of mailing of the [§ 1306 notice] . . . the information required by subdivision two of this section."

9

RPAPL § 1306(1). RPAPL § 1306(2) mandates that such a filing "include at a minimum, the name, address, last known telephone number of the borrower, and the amount claimed as due and owing on the mortgage, and such other information as will enable the superintendent to ascertain the type of loan at issue." RPAPL § 1306(2). Upon review of the Proof of Filing Statements issued by the New York State Department of Financial Services attached to the Mailing Affidavit, the Court concludes that Plaintiff has satisfied this filing requirement, as required under RPAPL § 1306 as well. *See* Mailing Aff. at 74-75.

3. Defendants' Liability

"In a mortgage foreclosure action under New York law, 'the lender must prove . . . the existence of an obligation secured by a mortgage, and a default on that obligation.'" *Gustavia Home, LLC v. Rice*, No. 16-cv-2353, 2016 WL 6683473, at *2 (E.D.N.Y. Nov. 14, 2016) (quoting *R.B. Ventures, Ltd. v. Shane*, 112 F.3d 54, 59, n. 2 (2d Cir. 1997)); *see Gustavia Home, LLC v. Nunu*, 16-cv-3989, 2018 WL 4006881, at *5 (E.D.N.Y. Jun. 29, 2018); *E. Sav. Bank, FSB v. Ferro*, No. 13-cv-5882, 2015 WL 778345, at *6 (E.D.N.Y. Feb. 24, 2015). Consequently, "in a New York mortgage foreclosure action, a plaintiff makes a *prima facie* case . . . where the foreclosing party produces documentary evidence establishing the three elements of a foreclosure claim: (1) a mortgage, (2) a note, and (3) proof of default on the note by the mortgagor." *CIT Bank, N.A. v. Escobar*, No. 16-cv-3722, 2017 WL 3614456, at *4 (E.D.N.Y. Jun. 16, 2017), *report and recommendation adopted*, 2017 WL 3634604 (Aug. 18, 2017) (quotations omitted). "If those elements are established, the

10

mortgagee has a 'presumptive right to collect.'" *OneWest Bank, NA v. Raghunath*, 14-cv-3310, 2015 WL 5772272, at *3 (E.D.N.Y. Sept. 8, 2015) (citation omitted).

Here, Plaintiff has made an adequate showing of the first two elements by producing a valid mortgage and note. *See* Mortgage & Note. Additionally, Blue Castle has shown Defendants' default on the loan obligations by establishing a failure to pay off the Note and providing the Mailing Affidavit and exhibits annexed thereto and the Affidavit of Amounts Due to Owing to Plaintiff, submitted by Plaintiff's Authorized Signatory, John Ramer. *See* Mailing Aff.; Ramer Aff. at ¶¶ 5-8; *Windward Bora LLC v. Brito*, No. 19-cv-4073, 2020 WL 7699950, at *5 (E.D.N.Y. Nov. 24, 2020); *W. Coast 2014-7, LLC v. Hamilton*, No. 17-cv-3918, 2018 WL 6251353, at *2 (E.D.N.Y. Nov. 8, 2018) (finding liability based on notices of default, mailing receipts and the plaintiff's representative's affidavit); *see also U.S. Bank, N.A. v. Squadron VCD, LLC*, 504 Fed. App'x 30, 32 (2d Cir. 2012). Accordingly, the Court recommends that default judgment be entered against Defendants.

### B. Damages & Remedies

Once liability is established, the court must ascertain damages with "reasonable certainty." *Hosking v. New World Mortg., Inc.*, 570 Fed. App'x 28, 31 (2d Cir. 2014). To prove damages, the plaintiff need only show that the "compensation sought relate[s] to the damages that naturally flow from the injuries pleaded." *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 159 (2d Cir. 1992). An evidentiary hearing is not required so long as there is a basis, demonstrated through detailed affidavits and other documentary evidence, for the

11

damages awarded. *See Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc.*, 109 F.3d 105, 111 (2d Cir. 1997).

Plaintiff seeks to recover damages in the amount of $252,820.69, which includes: (i) the unpaid principal balance on the Note of $180,107.56; (ii) $70,590.24 in interest from January 1, 2017 to July 12, 2023 at a rate of 6.000%, along with interest at the same rate until judgment is entered, and at the statutory rate thereafter, and (iii) $2,122.89 in unpaid late charges. *See* Ramer Aff. at ¶¶ 5-8. Plaintiff also moves for entry of Judgment of Foreclosure and Sale permitting it to foreclose upon the Property and appointing Kevin Snover, Esq. as Referee to sell the Property at auction. *See* Proposed Judgment at 1-2.

    1. <u>Total Amount Due on the Note and Mortgage</u>

        a. *Unpaid Principal Balance*

Pursuant to the terms of the Note and Mortgage, Defendants agreed to pay GreenPoint – the original mortgagee – a total of $230,000 in principal. *See* Compl. ¶¶ 8-9; Note § 1. The Note further provides that Plaintiff may, in the event of a default, require Defendants to pay "immediately the full amount of Principal which has not been paid and all the interest that [Defendants] owe on that amount." Note § 6(C).

In support of the instant motion, Blue Castle submits the Ramer Affidavit, wherein John Ramer states that, at the time of Defendants' default on February 1, 2017, the unpaid principal balance was $180,107.56. *See* Ramer Aff. at ¶ 5. Plaintiff's allegations and the documentation submitted similarly establish that after

12

Defendants' initial default, they did not make any further payments to reduce the unpaid principal balance. *See* Compl. ¶ 13; Ex. E to Compl. Therefore, the Court recommends that Blue Castle be awarded $180,107.56 to recover the total unpaid principal balance against Defendants.

      b. *Interest*

The terms of the Note also provide that interest accrues on the outstanding principal balance at an annual rate of 6.000% both before and after default. *See* Note § 2. Plaintiff's documentary evidence establishes that Defendants failed to make the payment due on February 1, 2017 and all subsequent payments. *See* Ramer Aff. at ¶ 6. Applying the Note's 6.000% annual interest rate to the $180,107.56 unpaid principal balance, interest accrues at a rate of $29.61 per day. As of the date of this Report and Recommendation, Defendants have failed to pay 2,481 days of accrued interest since January 1, 2017. The Court therefore recommends that Blue Castle be awarded $73,462.41 to recover unpaid interest through the date of this Report and Recommendation. The Court further recommends that Plaintiff be awarded $29.61 per day interest until the date on which judgment is entered. *See E. Sav. Bank, FSB v. McLaughlin*, No. 13-cv-1108, 2015 WL 5657355, at *1 (E.D.N.Y. Aug. 17, 2015) (recommending an award of *per diem* interest in an action for judgment of foreclosure and sale), *report and recommendation adopted*, No. 13-cv-1108, 2015 WL 5664454 (E.D.N.Y. Sept. 24, 2015).

In addition, the Court recommends awarding post-judgment interest to be calculated based on the weekly average one-year constant maturity Treasury yield

13

for the week preceding the date on which judgment is entered. 28 U.S.C. § 1961 (a) ("[I]nterest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding."); *see Schipani v. McLeod*, 541 F.3d 158, 165 (2d Cir. 2008) (holding that post-judgment interest is mandatory and calculated pursuant to federal statute); *Builders Bank v. N. Funding, LLC*, No. 08-cv-3575, 2012 WL 4928854, at *1 (E.D.N.Y. Oct. 16, 2012) (awarding post-judgment interest at the federal rate in action for judgment of foreclosure and sale).

      c. *Unpaid Late Charges*

The Note further provides that if Blue Castle has not received the full amount of any monthly payment 15 calendar days after it is due, Defendants will pay a late charge of 2.000% of the overdue principal and interest for each late payment. *See* Note § 6(A). Plaintiff contends that Defendants owe $2,122.89 in unpaid late charges that have accrued since they failed to make the payment due on February 1, 2017 and all subsequent payments. *See* Ramer Aff. at ¶ 8. Blue Castle, however, has failed to provide the underlying calculations that resulted in the total amount of late charges sought. Specifically, Plaintiff has not indicated the sum of missed payments to which the 2.000% late charge should be applied pursuant to the Note. Accordingly, the Court recommends that Plaintiff's Motion be denied with respect to the unpaid late charges, without prejudice and with leave to submit appropriate supporting documentation as to the amount sought.

14

2. <u>Judgment of Foreclosure and Sale and Appointment of Referee</u>

Finally, Blue Castle seeks a judgment of foreclosure and sale of the Property, which also appoints a Referee to conduct the sale. *See* Pl. Mot. A plaintiff is entitled to foreclose upon and sell a property if it demonstrates "the existence of an obligation secured by a mortgage, and a default on that obligation." *OneWest Bank, N.A. v. Denham*, No. 14-cv-5529, 2015 WL 5562980, at *5 (E.D.N.Y. Aug. 31, 2015), *report and recommendation adopted*, No. 14-cv-5529, 2015 WL 5562981 (E.D.N.Y. Sept. 21, 2015) (internal quotation marks and citation omitted). Courts routinely appoint referees to effectuate the sale of foreclosed properties. *See, e.g.*, *PMB Tech. Servs., LLC v. Mazoureix*, No. 14-cv-4834, 2015 WL 5664823, at *1 (E.D.N.Y. Sept. 23, 2015) (awarding a judgment of foreclosure and sale under the supervision of a referee); *E. Sav. Bank, FSB v. Evancie*, No. 13-cv-878, 2014 WL 1515643, at *1 (E.D.N.Y. Apr. 18, 2014).

Because Plaintiff has established its presumptive right to foreclose upon the Property, the Court recommends that a judgment of foreclosure be entered and that Kevin Snover, Esq., the attorney proposed by Blue Castle to serve as Referee, be appointed as Referee to effectuate the sale of the Property. In addition, the Court recommends that the proceeds of the sale be applied to the total amount owed on the Note as set forth above. *See Denham*, 2015 WL 5562980, at *14 (recommending a foreclosure and sale with the proceeds being applied to the outstanding amount owed on the note).

IV. **CONCLUSION**

For the reasons set forth above, the Court respectfully recommends that Plaintiff's Motion be granted in part, and that Plaintiff be awarded against Defendants damages in the amount of $253,569.97, which includes: (i) the unpaid principal balance on the Note of $180,107.56; and (ii) $73,462.41 in unpaid accrued interest from January 1, 2017 to October 18, 2023 at a rate of 6.000%, plus *per diem* interest of $29.61 until judgment is entered, and post-judgment interest pursuant to 28 U.S.C. § 1961(a). The Court further recommends that Blue Castle's motion be denied in part with respect to the $2,122.89 in late charges sought, without prejudice and with leave to renew upon the submission of appropriate supporting documentation. Finally, the Court recommends that an Order similar to Plaintiff's Proposed Judgment of Foreclosure and Sale, *see* DE [11-3], but consistent with this Report and Recommendation, be entered and that Kevin Snover, Esq. be appointed Referee to effectuate the sale of the Property.

V. **OBJECTIONS**

A copy of this Report and Recommendation is being served on Plaintiff by electronic filing on the date below. Plaintiff is directed to serve a copy of it on Defendants via first-class mail and promptly file proof of service by ECF. Any objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen days. *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72; Fed. R. Civ. P. 6(a) and 6(d). Failure to file objections within this period waives the right to appeal the District Court's Order. *See Ferrer v. Woliver*, No. 05-cv-3696, 2008 WL 4951035,

16

at *2 (2d Cir. Nov. 20, 2008); *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

Dated:     Central Islip, New York
           October 18, 2023

<u>/s/ Steven I. Locke</u>
STEVEN I. LOCKE
United States Magistrate Judge